HUDSPETH, C. J., and SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.

## 82 P.2d 900

**HERBERT v. STEVENS et al.**

No. 4352.

Supreme Court of New Mexico.

Sept. 1, 1938.

Rehearing Denied Oct. 6, 1938.

G. L. Reese, Sr., of Roswell, for appellant.

George Threlkeld, of Roswell, for appellees.

BICKLEY, Justice.

In 1930 the plaintiff (appellant) and another (who assigned his claim to plaintiff) furnished labor and materials for the improvement and repair of a building owned by defendants (appellees). In 1934 plaintiff commenced suit to recover compensation therefor. Defendants denied liability. In order to entitle plaintiff to judgment it was necessary for him to establish that such labor and materials were furnished by express or implied contract with defendants or that defendants were estopped to deny liability.

The trial occurred in July 1937. The plaintiff himself accounts for the vagueness of recollection as to the circumstances of his employment by the lapse of a space of about seven years' time.

The trial court, having heard the testimony of the witnesses, found the issues for the defendants and also approved certain requested findings of fact presented by plaintiff, refusing others, and refused all of plaintiff's requested conclusions of law.

Plaintiff seeks a reversal of the trial court's judgment generally upon the ground that there is no substantial evidence to sustain it, and specifically that the court erred in refusing to make or adopt plaintiff's requested findings of fact and conclusions of law, because he says there is substantial evidence in the record to establish the facts requested.

This is a facts case. It will profit no one for us to reproduce the evidence or the implications which counsel say are to be drawn therefrom. We have carefully read the record in the light of the comments thereon made in the excellent briefs of counsel. The trial court refused to make the findings of fact requested by the plaintiff essential to his recovery and in effect found to the contrary when he found the issues for the defendant. Being unable to say that the trial court did not correctly evaluate the evidence, we find no error.

The judgment will, therefore, be affirmed, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.